UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK AREVALO,<br><br>    Plaintiff,<br><br>    v.<br><br>VICKI HENNESSY,<br><br>    Defendant. | Case No.17-cv-06676-HSG<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Pending before the Court is a petition for a writ of habeas corpus filed by Erick Arevalo ("Petitioner"). Dkt. No. 1. Respondent Vicki Hennessy is the sheriff of San Francisco and Petitioner's legal custodian. For the reasons set forth below, the Court **DISMISSES** the petition.

## I. BACKGROUND

### A. Petitioner's Bail Proceedings

On July 1, 2017, Petitioner was arrested and charged with several serious offenses, including attempted murder, first-degree burglary, assault with a deadly weapon, and child endangerment. *See* Dkt. No. 1-2 at 40-44 (ECF pagination). At his first appearance, the San Francisco Superior Court set bail at $1.5 million. *See id.* at 53:7-8. Petitioner filed a motion for a formal bail hearing and for an order releasing him on his own recognizance. *See id* at 60-83. The court denied his request to be released on his own recognizance, *see id.* at 92:7-17, but reduced bail to $1 million, *see id.* at 92:18-21. The court did not inquire as to Petitioner's financial circumstances, nor did it address the possibility of release with conditions. *See id.* at 92:2-21.

### B. State Habeas Proceedings

On September 8, 2017, Petitioner filed a petition for habeas corpus in the California Court of Appeal, arguing that "[b]y requiring money bail without making the inquiries or findings

required for an order of pretrial detention, the trial court violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Id.* at 10. The Court of Appeal summarily denied his petition on September 12, 2017. Dkt. No. 1-3 at 40. Petitioner then filed a petition for review with the Supreme Court of California on September 20, 2017. *See generally id.* On September 27, 2017, the Supreme Court requested an answer, Dkt. No. 1-4 at 8, which Respondent provided, *see generally* Dkt. No. 1-4. The Supreme Court summarily denied the petition on November 15, 2017. *See* Dkt. No. 1-5.

### C. Federal Habeas Proceedings

On November 20, 2017, Petitioner filed this petition for habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1 ("Pet."). The Court issued an order to show cause on November 30, 2017, directing Respondent to file an answer showing why the writ should not issue. Dkt. No. 5 at 1. Respondent filed her answer on December 14, 2017, Dkt. No. 7 ("Ans."), and Petitioner filed a traverse on December 18, 2017, Dkt. No. 12 ("Trav."). On December 19, 2017, the Court heard argument and directed the parties to provide supplemental briefing on whether the abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971), preclude this Court from exercising jurisdiction over the petition. Dkt. No. 15. The parties provided that briefing on December 20, 2017. Dkt. Nos. 13 ("Pet. Supp. Br."), 14 ("Resp. Supp. Br.").

Petitioner has yet to be tried on the underlying state charges.

## II. DISCUSSION

Petitioner asserts that "[w]hen a financial condition of release results in the de facto pretrial detention of a presumptively innocent person because of his inability to pay, the court must make the substantive findings and provide the rigorous procedures required for a valid order of pretrial detention." Pet. ¶ 20. Because the state trial court failed to make those findings and comply with that procedure in ordering Petitioner detained, he contends his "ongoing detention is unconstitutional." *Id.* The Court declines to reach Petitioner's constitutional claims, however, because *Younger* compels the Court to abstain from exercising jurisdiction. Petitioner makes two arguments on this point: first, that *Younger* does not apply, or in the alternative, that the requirements for the application of *Younger* in this case are not met. The Court addresses each

2

argument in turn, and then discusses the unusual circumstances of this case, in which Respondent has conceded that Petitioner's detention is unconstitutional in her view.

### A. *Younger* Applies Even Where a Habeas Petitioner Has Exhausted His State Court Remedies.

Petitioner asserts that "*Younger* abstention does not apply where, as here, a habeas petitioner has exhausted state court remedies." Pet. Supp. Br. at 1. This conflates the doctrines of abstention and exhaustion, although the two are related. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("[B]roadly speaking, subject-matter jurisdiction, personal jurisdiction, venue, abstention, and exhaustion are all issues of 'judicial administration' that are appropriately decided early in the proceeding."). The Ninth Circuit rejected Petitioner's understanding of the relationship between the two doctrines in *Brown v. Ahern*, 676 F.3d 899 (9th Cir. 2012). *Brown* involved an arrestee who raised a Speedy Trial claim in a federal habeas petition—a claim that the state courts had "summarily rejected." *Id.* at 900. The district court "declined to reach the merits of [the arrestee's] claims," and in dismissing the petition held "that principles of federalism precluded review of [his] petition before he had been tried and convicted in state court." *Id.* The Ninth Circuit affirmed, clarifying that "abstention principles generally require a federal district court to abstain from exercising jurisdiction" over habeas petitions asserting a Speedy Trial claim.

The same federalism concerns compel the application of *Younger* to habeas petitions challenging the constitutionality of pretrial detention. In *O'Shea v. Littleton*, the Supreme Court considered a civil rights action alleging that Illinois state court judges discriminated on the basis of race in their administration of justice, in part because of the manner in which they set bail. 414 U.S. 488, 491-92 (1974). In response to the Court of Appeals' suggestion that the district court "fashion appropriate injunctive relief to prevent [the judges] from depriving others of their constitutional rights," *id.* at 492-93, the Court expressed "firm[] disagree[ment]," *id.* at 499:

> Apparently [such relief] would contemplate interruption of state proceedings to adjudicate assertions of noncompliance by petitioners. This seems to us nothing less than *an ongoing federal audit of state criminal proceedings* which would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent.

3

*Id.* at 500 (emphasis added). While the Court ultimately reversed the Court of Appeals' decision based on the plaintiffs' lack of standing, *id.* at 493-94, it also found in the alternative that such "unwarranted anticipatory interference in the state criminal process by means of continuous or piecemeal interruptions of the state proceedings by litigation in the federal courts," *see id.*, was "in sharp conflict with the principles of equitable restraint which this Court has recognized in [its previous] decisions," *id.* at 502.

In a more recent case, the Ninth Circuit directly applied *Younger* to the claim of a habeas petitioner challenging the constitutionality of her pretrial detention. *See Lazarus v. Baca*, 389 Fed. App'x 700 (9th Cir. 2010).[1] In *Lazarus*, the petitioner was held on $10 million bail while awaiting her trial for murder, and "was permitted the opportunity to raise her federal constitutional claims before the California Superior Court, the California Court of Appeal, and the California Supreme Court." *Id.* at 700-01. Despite the fact that the petitioner had exhausted her state court remedies, the Ninth Circuit affirmed the district court's dismissal of the petition on *Younger* grounds. *Id.* at 701.

Having established that the principles of *Younger* apply to this case, the Court turns to their application.

### B. The Court Must Abstain from Exercising Jurisdiction over Petitioner's Habeas Claim.

Petitioner argues that even if *Younger* does apply in this case, it does not mandate abstention because (1) "state bail proceedings are not 'ongoing'" and (2) granting the writ "would not cause this Court to "'interfere' with the prosecution in a way that *Younger* disapproves." Pet. Supp. Br. at 3. The Court disagrees with both contentions.

Generally, *Younger* "counsels federal-court abstention when there is a pending state proceeding." *Hoye v. City of Oakland*, 653 F.3d 835, 843 (9th Cir. 2011) (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). Specifically, *Younger* abstention is required where

(1) a state-initiated proceeding is ongoing; (2) the proceeding

---

[1] While *Lazarus* is unpublished and thus non-binding, the Court finds it to be directly on point persuasive authority.

4

implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citations omitted) ("*City of San Jose*"). "*Younger* established the rule that fundamental principles of comity and federalism prohibit the federal courts from enjoining ongoing state proceedings except under 'extraordinary circumstances'." *Brown*, 676 F.3d at 900 (quoting *Younger*, 401 U.S. at 45). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," as well as other extraordinary situations "where irreparable injury can be shown." *Carden v. Mont.*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Generally, district courts applying *Younger* "must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *Canatella v. Cal.*, 404 F.3d 1106, 1113 (9th Cir. 2005) (quoting *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc)). All four *Younger* requirements are met here.

### 1. Petition's state criminal proceeding is ongoing.

First, the Court finds it beyond reasonable dispute that Petitioner's criminal proceeding is ongoing, because all charges against him remain pending. Petitioner attempts to avoid this conclusion by arguing that what he defines as "the state bail proceedings are not 'ongoing.'" Pet. Supp. Br. at 3. But there is no freestanding "bail proceeding" separate from the underlying prosecution of Petitioner, and in any event California law clearly provides that he may renew his request for a bail adjustment or other detention-related requests. *See* Cal. Penal Code § 1289 (describing procedures that apply when an application is "made by defendant for a reduction of the amount" of bail). And characterizing the bail decision as "collateral" does not change the fact that this Court's interference in the state court's bail determinations in a pending criminal prosecution would effectively amount to "an ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to

prevent." *See O'Shea*, 414 U.S. at 500.

### 2. Petitioner's state criminal proceeding implicates important state interests, and he had an opportunity to litigate his constitutional challenges in state court.

Petitioner makes no argument as to the second and third prongs of *Younger*, both of which the Court finds satisfied. A state criminal proceeding implicates important state interests. *See Gilbertson v. Albright*, 381 F.3d 965, 977 (9th Cir. 2004) (holding that "judicial proceedings . . . are the type of proceeding that does implicate an important state interest"). And Petitioner "had an opportunity to litigate [his] federal constitutional challenges" in state court, *see City of San Jose*, 546 F.3d at 1095, given his admission that he exhausted his unconstitutional pretrial detention claim, *see* Pet. ¶¶ 17-19 (describing state habeas proceedings).

### 3. Granting Petitioner's writ would constitute the type of interference of which *Younger* disapproves.

Last, Petitioner contends that "this Court's action would not 'interfere' with the prosecution in a way that *Younger* disapproves." Pet. Supp. Br. at 3 (citation omitted). The Court again disagrees. Granting the petition would "insert" this Court "into the ordinary course of state criminal proceedings, with the attendant risk that [Petitioner], if released on lower bail, may not appear at trial." *See Lazarus*, 389 Fed. App'x at 700; *see also Bautista v. People of Cal.*, No. CV 16-07068 PSG (AFM), 2016 WL 5661861, at *6 (dismissing on *Younger* abstention grounds habeas petition challenging pretrial detention); *In re Cole*, No. C025607CRB(PR), 2002 WL 31720577, at *1 (N.D. Cal. Dec. 2, 2002) (dismissing habeas petition by pretrial detainee because he failed to make a showing of "special circumstances" overcoming the "principles of comity and federalism" that warranted abstention from "entertain[ing] any pre-sentence habeas challenge").[2]

---

[2] In *Wallace v. Kern*, 520 F.2d 400 (2d Cir. 1975), the Second Circuit addressed a class action challenging, *inter alia*, excessive pre-trial delays, in which the district court had mandated new bail procedures in the state courts. The Second Circuit reversed, invoking *Younger* to emphasize that "under the principle known as comity a federal district court has no power to intervene in the internal procedures of the state courts." *Id.* at 405 (citation and internal quotation marks omitted). It noted that the district court, in "proceeding to legislate and engraft new procedures upon existing state criminal practices," *id.* at 404, effectively "permit[ted] a pretrial detainee who claimed that [the procedures were] not complied with to proceed to the federal court for interpretations thereof," *id.* at 406. The same risk is present in this case.

This entanglement would be contrary to the principles of equitable restraint underlying *Younger*.

Petitioner argues that *Younger* does not apply where the relief sought is directed "only at the legality of pretrial detention without a judicial hearing," rather than seeking to enjoin the prosecution as a whole. *See* Pet. Supp. Br. at 3-4 (citing *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975)). In *Gerstein*, two arrestees filed a section 1983 putative class action in federal district court against the Florida state attorney, challenging the state's practice of detaining persons charged by criminal information for a "substantial period" before providing a preliminary hearing on the issue of probable cause. 420 U.S. at 106-07. The Court stated that the injunctive relief they sought in federal court—a preliminary hearing—was "not barred" by *Younger* considerations, because "[t]he injunction was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution." *Id.* at 108 n.9.

The critical difference between this case and *Gerstein* was that there, the plaintiffs by definition could not raise their claim in state court, because the claimed harm was the failure to provide a hearing at all. Here, in contrast, Petitioner has already brought his pretrial detention claims before the state courts and, with a criminal prosecution still pending, seeks this Court's ruling on the legality of their processes and conclusions.[3] Thus, while federalism and comity concerns arguably may have been less central in *Gerstein*, where the proceeding sought was not available in the state forum, those concerns are at the forefront in this case, and exemplify the type of federal interference in ongoing state proceedings that *Younger* and its progeny prohibit. The

---

[3] Although it was not apparent at the commencement of this case, it has become clear that Petitioner seeks not only a review of the state court's bail decision, but systematic reform to the state court's bail system—all by way of an individual federal habeas petition. Specifically, he seeks an order requiring the state court to apply a clear and convincing evidentiary standard across the board during pretrial detention hearings, regardless of whether the court is determining a defendant's flight risk or dangerousness. *See* Trav. at 1-22. Beyond the obvious federalism and comity concerns inherent in a federal habeas court prospectively directing state courts to apply a certain evidentiary standard, the relief Petitioner seeks would have the remarkable effect of requiring the state court to employ a more demanding bail standard than is currently required under federal law, at least with regard to detention findings based on a defendant's flight risk. *See U.S. v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (*quoting U.S. v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)) ("On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk . . . .").

Court again notes *Lazarus*, whose facts are materially identical to this case, and in which the Ninth Circuit did not discuss *Gerstein* as a bar to its conclusion. *See generally Lazarus*, 389 Fed. App'x at 700-01; *see also Watson v. Ky.*, No. 15-21-ART, 2015 WL 4080062, at *3 (E.D. Ky. July 6, 2015) (holding that *Gerstein* did not warrant injunctive relief where state court defendant filed federal complaint challenging state's procedure which conditioned her ability to receive narcotics on presentation of a doctor's note, because she had "already received a hearing and [could] raise further challenges in state court"); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550-51 (11th Cir. 1996) (stating, in federal civil rights suit seeking injunctive relief to address various defects in state court procedure, that *Gerstein* did not supersede *Younger* considerations because plaintiffs still had state remedies available and "the permissibility of federal equitable relief in *Gerstein* was based upon the absence of an adequate state forum for raising the issue").

Because the four *Younger* requirements are met, and because Petitioner has not argued that any exceptional circumstances warrant an exception to the rule, this Court is required to abstain from exercising jurisdiction and dismiss Petitioner's claim.

### C. Nothing in This Order Precludes the Attorney General from Acting upon Its Apparent Belief That California's Bail Procedures as Applied in this Case Were Constitutionally Defective.

Notwithstanding the analysis above, the Court must acknowledge the very unusual posture of this case. In her Answer, Respondent "agree[d] that petitioner did not receive constitutionally adequate process during the setting of bail in this case." Ans. at 2. "Accordingly, the Attorney General agrees that the petition for habeas corpus should be granted."[4] *Id.* While such a concession is not binding on this Court, it is a significant (and, in the Court's experience, unprecedented) statement. The Court also notes the state's ongoing efforts to remedy this apparently systemic issue at a policy level. In another habeas petition raising the same pretrial detention claim in this district, Respondent noted several of the state's ongoing policy initiatives

---

[4] Respondent concedes that "in her answer, she invited the court to address the merits of the petition without asserting" *Younger* abstention. Resp. Supp. Br. at 1. Nonetheless, the Court agrees that Ninth Circuit authority establishes that "[a] state may waive *Younger* only by express statement, not through failure to raise the issue." *Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992).

8

on this issue, including (1) a Pretrial Detention Reform Workgroup commissioned by the Chief Justice of the California Supreme Court, (2) the state legislature's active consideration of changes to California's pretrial detention system, and (3) the Attorney General's practice of not defending defective bail determinations. *See* Mot. to Dismiss Habeas Corpus Pet. at 7, *Reem v. Hennessy*, No. 17-cv-06628-CRB (N.D. Cal. Nov. 22, 2017), Dkt. No. 5.

Despite the state's acknowledgement through words and actions that the bail procedures applied in this case are constitutionally defective in its view, the law of this Circuit is clear: where *Younger* applies, and where its requirements are satisfied, its application is mandatory, and not within the discretion of the Court. *See Canatella*, 404 F.3d at 1113. That said, the Court strongly encourages the Attorney General to advocate in the Superior Court and with the District Attorney's office, based on his apparent conviction that California's bail procedures did not satisfy constitutional requirements in this case (and apparently many others).

### D. The Court Grants a Certificate of Appealability.

The federal rules governing habeas cases brought by state prisoners require a district court that issues a final order adverse to the petitioner to either grant or deny therein a certificate of appealability ("COA"). *Cf.* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).[5] A COA may issue where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As discussed above, the Court is compelled to dismiss the case on the procedural ground of abstention, despite Respondent's concession that

---

[5] Petitioner brought his claim under 28 U.S.C. § 2241, Pet. § 5, which is the proper basis for a habeas petitioner attacking his pretrial detention, *see Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004). The Court is satisfied the certificate of appealability rules for section 2254 cases are equally applicable here. The Court also notes that the district court in *Lazarus* construed the habeas petition as arising under section 2241, No. CV 10-1423 GHK (FFM), 2010 WL 1006572, at *3 n.2 (C.D. Cal. Mar. 17, 2010), and the Ninth Circuit granted review in that case.

Petitioner's pretrial detention is unconstitutional. However, given the divergent approaches that courts, including the *Lazarus* court, have applied, the Court readily accepts that "jurists of reason would find it debatable whether [it] was correct in its procedural ruling." Accordingly, the Court finds that Petitioner has satisfied the standard as to his claim regarding the constitutionality of his pretrial detention, and grants a COA as to this claim.

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition, and **GRANTS** a certificate of appealability. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 12/22/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge